Filed 8/27/21  P. v. Gonzales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO PAGAN GONZALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B309181<br>(Super. Ct. No. YA049823)<br>(Los Angeles County) |

Pedro Pagan Gonzales appeals his resentencing following the trial court's denial of his motion to strike three prior serious felony strike convictions pursuant to Penal Code section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.[1]  We conclude that the trial court did not abuse its discretion and affirm.

*FACTUAL AND PROCEDURAL HISTORY*

In 2001, the Los Angeles County District Attorney charged Gonzales with two counts of residential burglary, possession of a

_____

[1] All further statutory references are to the Penal Code.

firearm by a felon, four counts of receiving stolen property, and conspiracy to commit residential burglary. (§§ 459, former 12021, subd. (a)(1), 496, subd. (a), 182, subd. (a)(1).) The charges also included four prior serious felony strike convictions for burglary and service of four prior prison terms. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).) The charges concerned two residential daytime burglaries committed by Gonzales and his codefendant. During a police pursuit, Gonzales threw a semiautomatic firearm from the passenger side of the vehicle. A later police search of a public storage facility pursuant to a search warrant revealed hundreds of items stolen during other residential burglaries, including firearms.

A jury convicted Gonzales of the substantive charges and the trial court found the strike and prison term allegations true. The court then sentenced Gonzales to four consecutive 25-years-to-life terms, consisting of 25-years-to-life terms for each of the two burglary counts, possession of a firearm by a felon, and receiving stolen property. The court imposed a six-year term for conspiracy to commit residential burglary which it stayed pursuant to section 654. The court also imposed concurrent terms for the four prior prison terms served. (§ 667.5, subd. (b).) Gonzales appealed, raising jury selection, instructional error, and cruel and unusual punishment issues, among others. In an unpublished opinion, we affirmed. (*People v. Gonzales* (Oct. 15, 2003, B159396).)

In 2014, Gonzales filed a petition to recall his sentence pursuant to section 1170.126. (The Three Strikes Reform Act of 2012 (Proposition 36).) The trial court denied the petition, and Gonzales appealed. In an unpublished opinion, we reversed the court's order and directed it to consider resentencing concerning

2

the stolen property and possession of a firearm by a felon counts. (*People v. Gonzales* (Sept. 21, 2015, B261367).)

Gonzales later filed a petition to recall his sentence pursuant to section 1170.18. (The Safe Neighborhoods and Schools Act (Proposition 47).) Gonzales requested that his four convictions for receiving stolen property be reduced to misdemeanors. The prosecutor resisted the petition and asserted that Gonzales presented an unreasonable risk of danger to the public. (*Id.*, subds. (b) & (c).)

On September 24, 2020, the trial court considered Gonzales's two petitions and determined that he was eligible for misdemeanor sentencing regarding the four stolen property convictions. The court also determined that Gonzales's conviction for possession of a firearm by a felon remained a strike felony because he was armed with the firearm during commission of the offense. (§ 1170.126, subd. (e)(2).) The court considered Gonzales's criminal history, age (63 years), and minor disciplinary record during confinement and found that he did not present an unreasonable risk of danger to the public.

Gonzales then filed a motion pursuant to *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497. He contended that his codefendant was the primary actor and that the prosecutor initially offered a plea agreement of only 11 years 4 months. Gonzales was willing to accept the plea agreement but his codefendant was not; the trial court required each defendant to accept the agreement.

At the November 5, 2020, resentencing hearing, the trial court reduced the sentence on the now-misdemeanor stolen property counts to time served (364 days) and struck the four prior prison term enhancements. The court also granted the

3

*Romero* motion (striking three out of four strikes) as to one burglary count and the felon in possession of a firearm count. It imposed a 25-years-to-life term for the remaining burglary count and a concurrent six-year term for the second strike burglary count and second strike felon in possession of a firearm count. The court also imposed various fines and fees and awarded Gonzales 7,517 days of custody credit.

Gonzales appeals and contends that the trial court abused its discretion by not granting the *Romero* motion regarding the remaining burglary count.

*DISCUSSION*

Gonzales contends that the trial court abused its discretion by denying his motion to dismiss the three prior strike convictions in the interest of justice. (*People v. Superior Court (Romero), supra*, 13 Cal.4th 497.) He asserts that the prior convictions are remote and the crimes are non-violent property crimes. Gonzales points out that he has already been imprisoned for 20 years, is now 63 years old, and has no serious prison disciplinary record.

Pursuant to section 1385, subdivision (a), the trial court may strike a prior felony conviction " 'in furtherance of justice.' " (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The trial court and the reviewing court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part . . . ." (*Ibid.*) At the very least, the reason for dismissing a strike conviction must be that which would motivate a reasonable judge. (*Id.* at p. 159.) When the circumstances "manifestly

4

support" the striking of a prior conviction and no reasonable minds could differ, the failure to strike constitutes an abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 [abuse of discretion exists only in "an extraordinary case"].)

We review rulings regarding motions to strike prior felony convictions pursuant to a deferential abuse of discretion standard. (*People v. Williams*, *supra*, 17 Cal.4th 148, 162; *People v. Myers* (1999) 69 Cal.App.4th 305, 309.) Appellant bears the burden of establishing that the trial court's decision is unreasonable. (*People v. Carmony*, *supra*, 33 Cal.4th 367, 376 [burden placed on appellant to establish that sentencing decision is irrational or arbitrary]; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978 [presumption that trial court acts to achieve lawful sentencing objectives]; *Myers*, at pp. 309-310.) We do not substitute our decision for that of the trial court. "It is not enough to show that reasonable people might disagree about whether to strike one or more of [defendant's] prior convictions." (*Myers*, at p. 310.)

The trial court properly determined that this is not an extraordinary case that "manifestly support[s]" dismissal of the prior strike. (*People v. Carmony*, *supra*, 33 Cal.4th 367, 378.) As such, the court did not abuse its discretion. (*People v. Solis* (2015) 232 Cal.App.4th 1108, 1124-1125 [no abuse of discretion in refusal to strike two 30-year-old felony convictions for assault with a deadly weapon].) The trial judge described the daytime burglaries as serious felonies and noted that Gonzales has a serious criminal history (four prior strike convictions). The judge also noted that Gonzales had stolen firearms during the burglaries and possessed a firearm in the vehicle that was accessible. We presume that the court understood and applied

the law correctly.  (*People v. Myers*, *supra*, 69 Cal.App.4th 305, 310 [absent an affirmative record to the contrary, we presume the trial court considered all relevant factors].)  There is also no requirement that the court give a statement of reasons for denying a motion to dismiss a prior strike conviction.  (*In re Coley* (2012) 55 Cal.4th 524, 560.)  Gonzales has not met his burden of establishing that the court's decision was unreasonable or that the court misunderstood its sentencing discretion.  (*Carmony*, at p. 376.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

6

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.